## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 1:20-cv-02748-CCB |
| v. | ) | |
| | ) | _____ FILED    _____ ENTERED<br>_____ LOGGED  _____ RECEIVED |
| JOHN DOE, SUBSCRIBER ASSIGNED | ) | NOV  5 2020 |
| IP ADDRESS | ) | AT BALTIMORE<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND |
| 98.117.212.234, | ) | BY                    DEPUTY |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO QUASH SUBPOENA

Defendant, John Doe, hereby files this Motion to Quash Subpoena pursuant to Federal Rules of

Civil Procedure 45 and would show as follows.

### I. BACKGROUND

1. On September 22, 2020, Plaintiff brought this instant suit against an unnamed defendant

   that can only be recognized and referred by the IP address of 98.117.212.234.

2. On or around October 16, 2020, Defendant received a letter from an Internet Service

   Provider (hereinafter ISP) indicating that the ISP had received a subpoena seeking

   identification information of the Defendant.

3. Defendant has not been served with a complaint or a summons in this instant action.

4. Defendant did not view, download, copy, transmit, distribute, infringe or otherwise

   access Plaintiff's copyrighted material on August 8, 2020 at 8:51:17 PM nor on any other

   date or time.

5.  Plaintiff's instant action against innocent Defendant serves no other purpose but to
    perpetuate the fad of "copyright trolling" which diverts court resources away from valid
    legal claims and issues while attempting to harass, annoy, embarrass, extort, and scare
    innocent individuals based on highly questionable tactics. *See* Mathew Sag, Copyright
    Trolling: Am Empirical Study, 100 Iowa L. Rev. 1105 (2015).

## II.   MOTION TO QUASH THE THIRD-PARTY SUBPOENA

Pursuant to Federal Rules of Civil Procedure 45(d)(3)(A)(iv), the Court, on timely motion, must
quash or modify a subpoena that subjects a person to undue burden. Innocent Defendant did not
view, download, copy, transmit, distribute, infringe or otherwise access Plaintiff's copyrighted
motion pictures on August 8, 2020 at 8:51:17 PM nor on any other date or time. Thus, any
continuation of this case against Defendant constitutes an undue burden, with the Defendant also
offering the additional arguments within.

### A.  Characteristics of Defendant

6.  Defendant is an elderly individual who suffers with a myriad of debilitating health
    conditions including severe vertigo and gout, which affects their mobility, fine and gross
    motor manipulation, and mental status.

7.  Because of these health conditions, Defendant is bedridden at times and immobile.

8.  Defendant lacks the mental capacity and physical ability to access, view or operate
    programs such as BitTorrent or any other torrent website, which Plaintiff alleges
    Defendant used to download and distribute copyrighted material.

9. Defendant resides in a downtown area in remarkably close proximity to numerous high traffic tourist attractions and other entities that host hundreds, if not thousands, of people daily including parks, medical centers, and colleges. This traffic remains high in light of the Coronavirus Disease 2019.

10. Defendant's financial state is dire, with the Defendant barely having enough income to afford basic necessities each month.

11. Given the Defendant's age, poor state of health, and dire financial state, any continuation of this matter would constitute an undue burden on and for Defendant.

## B. **Plaintiff's Complaint is Questionable and Factually Deficient**

12. Plaintiff's complaint and the documentation attached thereto is internally inconsistent.

13. Plaintiff's complaint alleges that Defendant "has been recorded infringing 31 movies over an extended period of time" (Page 2 of Plaintiff's Complaint) and that Defendant's infringement was "continuous and ongoing." (Page 7 of Plaintiff's Complaint).

14. However, Plaintiff only produced documentation allegedly identifying IP address 98.117.212.234 accessing copyrighted material on one occasion.

15. Plaintiff has not submitted any facts to support its nebulous allegation of "continuous and ongoing" infringement by Defendant.

16. The ISP that provides Defendant with service employs dynamic IP addresses, meaning that a different individual could be accessing the internet with IP address at 98.117.212.234 at any time, as different IP addresses are assigned at the commencement of a new internet session.

17. Plaintiff has not submitted any facts to support that Defendant was ever assigned, ever used, ever accessed, or currently has assigned to them IP address 98.117.212.234.

18. Plaintiff has not submitted any evidence that the subscriber of IP address 98.117.212.234 on August 8, 2020 at 8:51:17 PM was the same subscriber who was assigned the IP address during other periods where alleged "continuous and ongoing" infringement was taking place.

19. Plaintiff's complaint is merely composed of hypothetical statements and does not allege any plausible facts.

20. Plaintiff has not established that a violation was committed by the individual to whom IP address 98.117.212.234 is registered. *See* In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80 (E.D.N.Y. 2012).

21. Defendant attests that they are not the subscriber to IP address 98.117.212.234 but that they are a subscriber to another IP address, beginning with 192.168._____.

22. Because Plaintiff has not alleged sufficient facts tying IP address 98.117.212.234 or any use or assignment therefore to Defendant or any violation committed by Defendant, any continuation of this matter would constitute an undue burden on and for Defendant, as it would only aggravate their already deteriorating health and financial state.

C. **Plaintiff's Reliance on Maxmind, Inc.'s Geotechnology and VXN Scan is Deficient**

23. Plaintiff relied on geotechnology by Maxmind, Inc. "to determine that Defendant's IP address traced to a physical address in this District." (Page 2 of Plaintiff's Complaint).

24. Maxmind, Inc. discloses on its website that their accuracy rate for geolocation in the United States is only approximately 67%, for all IPs, and that their geolocation service "should not be used" to identify particular addresses or households because values are not precise. *See* https://www.maxmind.com/en/geoip2-city-accuracy-

4

comparison?country=&resolution=50&cellular=all; *see also*

https://www.maxmind.com/en/geoip-demo.

25. As noted in paragraph nine above, Defendant resides in a downtown area in remarkably close proximity to numerous high traffic tourist attractions and other entities that host hundreds, if not thousands, of people daily including parks, medical centers, and colleges.

26. As such, IP address 98.117.212.234 could have been assigned to any number of people or persons on the date at issue of August 8, 2020.

27. Plaintiff also boasts the use of VXN Scan to identify Defendant as an alleged infringer, but there is no evidence or facts offered to substantiate the reliability, validity, or accuracy of this system.

28. Plaintiff's reliance on inaccurate and unsubstantiated data/technology systems to allegedly locate Defendant by IP address presents circumstantial and hypothetical contentions that Defendant is now forced to respond to.

29. In the alternative, even if Plaintiff's reliance on this technology was adequate, Plaintiff has failed to present any direct evidence of Defendant actually copying, downloading, or distributing or otherwise possessing a complete copyrighted digital motion picture file.

30. Plaintiff relies on Defendant's alleged possession of torrent files, but torrent files do not actually have or hold any content and files are noted to be useless by themselves. *See* Downloading Your First Torrent: The Definitive Guide (2020 Guide) at https://www.rapidseedbox.com/blog/download-torrent; *see also* Malibu Media, LLC v. John Does, 2012 WL 5382304 (C.D. Cal. June 27, 2012).

31. Addressing Plaintiff's circumstantial and hypothetical contentions constitutes an undue burden on and for Defendant, and any continuation of this matter would constitute an

undue burden on and for Defendant, as it would only aggravate their already deteriorating health and financial state.

32. Defendant denies any association with IP address 98.117.212.234, and in the alternative, Defendant asserts that this IP address was wrongfully identified by the inaccurate, invalid, and unreliable systems employed by Plaintiff.

33. Abuse of the Defendant's IP address, in general, is heightened given their close proximity to numerous high traffic tourist attractions and other entities that host hundreds, if not thousands, of people daily including parks, medical centers, and colleges.

34. If Defendant's identifying information is turned over to Plaintiff, Defendant will be forced to prove third party abuse of IP address 98.117.212.234, refute Plaintiff's hypothetical and circumstantial claims, and be subject to further harassment, annoyance, and extortion by the Plaintiff.

35. It constitutes an undue burden on and for Defendant to expend any more time or resources to contest this frivolous action brought by Plaintiff.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion to Quash Subpoena and grant any other relief as appropriate.

Respectfully Submitted,

John Doe, subscriber assigned IP address 98.117.212.234

## CERTIFICATE OF SERVICE

I certify on this _____*3/*_____ day of October 2020, a copy of this Motion to Quash Subpoena was served and mailed to:

Verizon Legal Compliance
2701 S. Johnson Street
MC: TXD01613
San Angelo, Texas 76904

Elsy Ramos Velasquez, Esq.
Clark Hill, PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004