IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC** | * | |
| | * | |
| v. | * | Civil Action No. CCB-20-2748 |
| | * | |
| **JOHN DOE subscriber** | * | |
| **assigned IP address 98.117.212.234** | * | |
| | ****** | |

## MEMORANDUM AND ORDER

In this copyright infringement action the court granted plaintiff Strike 3 Holdings, LLC ("Strike 3") leave to serve a pre-discovery third party subpoena on defendant John Doe's Internet Service Provider ("ISP") in order to identify the subscriber associated with the IP address alleged to have been used to anonymously download Strike 3's copyrighted films. (ECF 6). Now pending is defendant Doe's motion to quash the subpoena Strike 3 served on his ISP, which seeks his identity. (ECF 7). Having considered the motion, together with Strike 3's opposition, the court will deny the motion.

The person seeking to quash or modify a subpoena bears the burden of proof to demonstrate that compliance is unwarranted under Fed. R. Civ. P. 45. *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019) (citing *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). The court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified by the Rule; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D. Md. 2012); Fed. R. Civ. P. 45(d)(3)(A). Here Doe argues that the subpoena on his ISP subjects him to undue burden, for two reasons. First, Doe argues that he is elderly, in poor health, and unable to afford basic necessities, and thus that any continuation of this lawsuit would constitute an undue

1

burden. Second, Doe denies that he is the subscriber associated with the IP address used to download the copyrighted materials in this case. He argues that Strike 3 presents no direct evidence that Doe is the infringer and that, because he lives in a high traffic area with a number of tourist attractions, businesses, and colleges, the IP address in question could have been assigned to "any number of people" on August 8, 2020, the date Strike 3 alleges its materials were downloaded. (ECF 7 at 4).

These arguments have been made by other Doe defendants in similar cases in this district and they have been consistently rejected. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. GJH-19-396, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020); *Malibu Media, LLC v. Doe*, No. CV DKC 18-2558, 2019 WL 1367395, at *1 (D. Md. Mar. 26, 2019); *Third Degree Films, Inc. v. Does 1-108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012); *Third Degree Films, Inc. v. Does 1-118*, No. 11-CV-03006-AW, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011).[1] The argument that there is no reliable information linking Doe to the IP address associated with the downloads is essentially a denial of liability. "It is well established 'that such general denials of liability cannot serve as a basis for quashing a subpoena.'" *Malibu Media, LLC v. Doe*, No. GJH-16-655, 2016 WL 7235662, at *2 (D. Md. Dec. 13, 2016) (quoting *Third Degree Films, Inc. v. Does 1-108*, 2012 WL 669055, at *3). Nor do Doe's age, health, and financial situation persuade the court that the subpoena presents an undue burden "because the subpoena is directed toward the ISP[] and not the Doe defendant[] and accordingly does not require them to produce any information or otherwise respond." *Third Degree Films, Inc. v. Does 1-118*, 2011 WL 6837774, at *3.

It is certainly possible that Doe's claims of innocence will prove to be well-founded; "[a]t

---

[1] Unpublished opinions are cited for the persuasiveness of their reasoning and not for any precedential value.

this stage, however, we cannot know what Strike 3's subpoena will uncover." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1212 (D.C. Cir. 2020) (holding that a district court abused its discretion in denying Strike 3's motion under Rule 26(d)(1) to subpoena an ISP for the identity of a subscriber associated with an IP address alleged to have illegally downloaded and distributed its films). The court has taken measures to prevent the unnecessary involvement of an innocent subscriber by permitting Strike 3 to use the information gained from the ISP initially only to "determine whether it has sufficient information to amend the complaint to name as an individual defendant the Subscriber" and to depose the subscriber only to answer questions regarding whether they are responsible for downloading the copyrighted materials. (ECF 6 at 4). Doe "may claim he is not the right person either in a responsive pleading or in the deposition, but absent clear evidence of an error he cannot do so in a Motion to Quash." *Malibu Media, LLC v. Doe*, No. CV TDC-15-1042, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016).[2]

Accordingly, it is hereby ORDERED that

(1) defendant Doe's Motion to Quash the Subpoena (ECF 7) is DENIED; and

(2) the Clerk shall Send copies of this Memorandum and Order to plaintiff's counsel and to the defendant John Doe.

1/21/2021
Date

/S/
Catherine C. Blake
U.S. District Court Judge

---

[2] Doe's further argument that Strike 3 used unreliable geotechnology to identify him as an infringer is unavailing. The technology in question does not purport to identify Doe but only to identify whether the IP address allegedly used to download the copyrighted materials can be traced to a physical place located within this court's jurisdiction. (ECF 1, Compl. ¶ 9 ["Plaintiff used IP address geolocation technology . . . to determine that Defendant's IP address traced to a physical address in this District."]).